PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, McCullough and Senior Judge Haley
Argued at Salem, Virginia

LASHON MARCAY PRITCHETT

OPINION BY
v. Record No. 0830-12-3 JUDGE STEPHEN R. McCULLOUGH
APRIL 16, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Bill W. Bourland (Bourland McPheeters, on briefs), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Lashon Marcay Pritchett was charged with statutory rape, forcible sodomy, and aggravated

sexual battery in violation of Code §§ 18.2-61(A), 18.2-67.1(A), and 18.2-67.3. These charges

carried possible multiple life terms plus twenty years. Pritchett reached a plea agreement with the

Commonwealth pursuant to Rule 3A:8(c)(1)(B). In exchange for his guilty pleas, the prosecution

agreed to recommend an eight-year sentence. The trial court informed Pritchett, as required by Rule

3A:8(c)(2), that the court was not required to follow the prosecutor's recommendation. Following a

proffer of the evidence, the court determined that it would not follow the recommended sentence.

The court informed Pritchett that his crimes merited a more severe sentence. Approximately four

months later, Pritchett retained new counsel and then moved to withdraw his guilty pleas, arguing,

among other things, that based on his previous attorney's advice he had believed the court would

follow the prosecution's recommendation on sentencing. The court denied the motion to withdraw

the guilty pleas. Pritchett argues this was error. We conclude that the trial court did not abuse its

discretion in refusing to grant the motion and we, therefore, affirm.

BACKGROUND

## I. FACTUAL BACKGROUND

The complaining witness, J.H., testified in a deposition about the facts that gave rise to the charges. See Code § 18.2-67. When she was 11 years old, J.H. came to reside with her cousin and appellant. J.H. testified that, in July of 2007, appellant frequently compelled her to perform fellatio on him. He also raped her three times and compelled her to engage in mutual masturbation. Appellant told J.H. that she could not tell anyone, that "[t]his is our little secret that nobody can never know." App. at 57. He told her that she should not tell anyone or they could "both get in trouble." App. at 61. She stated that she complied because she felt "forced" and "manipulated." App. at 61, 70. She testified that the incidents continued until appellant went to jail, sometime before Christmas. J.H. later came forward when she learned about rape in a health class at school. She repeatedly testified that the events in question took place between the summer of 2007 and around Christmas of 2007, when she left Virginia. That was the time period during which she resided with her cousin and appellant. On cross-examination, however, she testified inconsistently with respect to when the events occurred, stating that the events happened in 2008 rather than in 2007.

## II. PRITCHETT AND THE COMMONWEALTH NEGOTIATE A WRITTEN PLEA AGREEMENT PURSUANT TO RULE 3A:8(C)(1)(B).

As authorized by Rule 3A:8(c)(1)(B), appellant and the prosecution reached a plea agreement under which the prosecution agreed to recommend a sentence of eight years of active incarceration in exchange for guilty pleas. The plea agreement, which appellant signed, expressly provides, among other things, that

> [t]he defendant further acknowledges his understanding that this written recommendation or request is not binding upon the court. If the Court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw his plea, unless the

Commonwealth fails to perform its part of the agreement. In that event, the defendant shall have the right to withdraw his plea.

If the Court rejects the recommendation, the Court can impose a sentence that may be more favorable or less favorable to the defendant than the sentence contemplated in this agreement.

App. at 4.

During the plea colloquy, the following exchange took place:

THE COURT: The Court has before it a written recommendation which provides, in part, that upon an entry of a plea of guilty the Commonwealth will recommend a sentence of eight years of active incarceration followed by probation for a period of ten years plus whatever other conditions the Court may require. Does this written recommendation accurately and completely state your agreement with the Commonwealth.

MR. PRITCHETT: Yes, sir.

THE COURT: Do you understand that this written recommendation provides merely that the Commonwealth will recommend this specific sentence to the Court?

MR. PRITCHETT: Yes, sir.

THE COURT: Do you further understand that the Court is not bound by this recommendation?

MR. PRITCHETT: Yes, sir.

THE COURT: Do you further understand that if the Court rejects this recommendation you do not have the right to withdraw your guilty plea except in certain circumstances?

MR. PRITCHETT: Yes, sir.

THE COURT: Did you understand all the questions asked?

MR. PRITCHETT: So, I can still be added more time than eight years?

THE COURT: That is conceivable if the Court rejects the recommendation, yes sir.

MR. PRITCHETT: Okay.

- 3 -

> THE COURT: Do you understand that?
>
> MR. PRITCHETT: Yes, sir.
> THE COURT: Did you understand all the other questions asked by the Court?
>
> MR. PRITCHETT: Yes, sir.
>
> THE COURT: Did you answer all my questions truthfully?
>
> MR. PRITCHETT: Yes, sir.

App. at 85-86.

Following a summary of the evidence and argument of counsel regarding the appropriateness of the recommended sentence, the court indicated that "[n]inety-five percent of the time this Court accepts a written recommendation which has been agreed to by both the Commonwealth and the defendant. The Court is struggling with this one." App. at 90. Defense counsel further argued why the recommended sentence was appropriate. The court turned to the prosecutor and stated that "if you want the Court to accept this you're going to have to give me some reasons." After an explanation from the prosecutor, the court indicated that

> [t]he Court has no doubt that a lot of thought and effort went into this agreement and the Court understands the problem facing the Commonwealth with respect to uncorroborated testimony but the Court has to say that in my opinion this is not enough time, not for rape or forcible sodomy. This Court has imposed significantly lengthier sentences for similar crimes involving minor complainants.

App. at 92. The court engaged in a further discussion with counsel and then called a short recess.

After the recess, the court indicated that "these crimes justify more time. The Court simply cannot accept [the recommendation of eight years in prison] and will reject the recommendation." App. at 95. The court then ordered a presentence report and continued the sentencing until a later date.

III.  PRITCHETT SEEKS TO WITHDRAW HIS GUILTY PLEAS

Prior to his sentencing, Pritchett retained new counsel and filed a motion to withdraw his guilty pleas.  As grounds for the motion, Pritchett claimed that he made a mistake of fact with regard to his guilty pleas, namely, that he erroneously believed, based on his attorney's advice, that the trial court would accept the sentencing recommendation of the Commonwealth.  He also argued that his guilty pleas were entered into inadvisedly.  Finally, he contended that he had a reasonable defense:  he could attack the credibility of the witness and, in particular "[t]he fact that the complaining witness waited three (3) years" before coming forward with her allegations.  Moreover, he noted that, in her deposition, the complaining witness stated that the incidents she complained of occurred in 2008 rather than in 2007.  Record, p. 150, App. at 67-68.  He also noted that he was incarcerated from November 27, 2007, through October 10, 2008.

At a hearing on the motion, Pritchett testified that he reviewed the plea agreement the day before court and that before that time, from July to September 14, he had seen his attorney just once.  He stated that he had "maybe five minutes" to look over the plea agreement.  When he asked his attorney if the sentencing recommendation was "guaranteed," Pritchett stated that his attorney gave him "assurances."  App. at 99-100.  With regard to the answers he provided in court, Pritchett stated that he did not "fully" understand that the recommendation was not binding on the court.  Instead, he "was under the impression that everything was guaranteed, everything was solid."  App. at 103.  He testified that he did not read the agreement, that he just signed it.  Pritchett said he "was under the impression that everything was okay and I was going to get my eight years and that was it."  App. at 105.

The trial court indicated that it had reviewed Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949), and Bottoms v. Commonwealth, 281 Va. 23, 704 S.E.2d 406 (2011), and concluded that Pritchett should not be permitted to withdraw his guilty pleas under the

- 5 -

circumstances. The court later sentenced Pritchett to serve a total of 120 years in prison, with 95 years suspended. This appeal followed.

## ANALYSIS

### I. GENERAL FRAMEWORK FOR REVIEWING MOTIONS TO WITHDRAW A GUILTY PLEA

We review a trial court's decision to deny a defendant's motion to withdraw a guilty plea prior to sentencing under an abuse of discretion standard. Parris, 189 Va. at 324, 52 S.E.2d at 873. See also Hubbard v. Commonwealth, 60 Va. App. 200, 206, 725 S.E.2d 163, 166 (2012).

Although the General Assembly has provided the courts with a standard that governs motions to withdraw a guilty plea that are made *after* sentencing, Code § 19.2-296,[1] it has not done so for motions to withdraw a guilty plea that are made *before* sentencing. To fill this gap, the Supreme Court articulated some governing principles in Parris, 189 Va. 321, 52 S.E.2d 872. More recent decisions have refined these principles. See Booker v. Commonwealth, 61 Va. App. 323, 734 S.E.2d 729 (2012); Hubbard, 60 Va. App. 200, 725 S.E.2d 163; Bottoms, 281 Va. 23, 704 S.E.2d 406; Williams v. Commonwealth, 59 Va. App. 238, 717 S.E.2d 837 (2011); Justus v. Commonwealth, 274 Va. 143, 645 S.E.2d 284 (2007).[2]

---

[1] That statute provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

[2] It could be argued that motions to withdraw like this one, made after the trial court has announced that it will not follow the prosecution's recommendation, should be assessed under the stricter "manifest injustice" standard of Code § 19.2-296 because the same underlying concerns are present. Post-sentencing motions to withdraw a guilty plea are assessed under a more rigorous standard in order "'to avoid motions for withdrawal based on disappointment in the terms of the sentence.'" Lilly v. Commonwealth, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978) (quoting Paradiso v. United States, 482 F.2d 409, 416 (1973)). In the absence of changes to Code § 19.2-296, however, we proceed to analyze this case under the existing Parris standard.

"[T]he facts and circumstances of the particular case" determine whether a motion to withdraw a guilty plea should be granted. Justus, 274 Va. at 154, 645 S.E.2d at 289. Relevant considerations include whether the guilty plea was entered into "under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made." Parris, 189 Va. at 324, 52 S.E.2d at 873. The Court observed that

> [t]he least surprise or influence causing a defendant to plead guilty
> when he has any defense at all should be sufficient grounds for
> permitting a change of plea from guilty to not guilty. Leave should
> ordinarily be given to withdraw a plea of guilty if it was entered by
> mistake or under a misconception of the nature of the charge;
> through a misunderstanding as to its effect; through fear, fraud, or
> official misrepresentation; was made involuntarily for any reason;
> or even where it was entered inadvisedly, if any reasonable ground
> is offered for going to the jury.

Id. at 325, 52 S.E.2d at 874. See also Justus, 274 Va. at 154, 645 S.E.2d at 289 ("[T]he motion [to set aside the guilty plea] should be granted even if the guilty plea was merely entered 'inadvisedly' when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case."). Trial courts should not, however, permit a plea to be withdrawn "in aid of an attempt to rely upon a merely dilatory or formal defense." Parris, 189 Va. at 325, 52 S.E.2d at 874. Moreover, the asserted defense must be "substantive" and a "reasonable defense." Bottoms, 281 Va. at 33-34, 704 S.E.2d at 412-13.

In addition, *both* the guilty plea and the motion to withdraw the guilty plea must be made in good faith. See Parris, 189 Va. at 325-26, 52 S.E.2d at 873-74.[3] See also Bottoms, 281 Va. at 34, 704 S.E.2d at 412 (quoting Justus, 274 Va. at 153-54, 645 S.E.2d at 288). In addition to good faith, the motion to withdraw the guilty plea must be "sustained by proofs, and a proper offer [must be] made to go to trial on a plea of not guilty." Id.

---

[3] The trial court concluded that appellant's guilty pleas were made in good faith, but did not address whether his motion to withdraw the guilty pleas was made in good faith.

Finally, trial courts should consider whether allowing the defendant to withdraw his guilty plea would cause prejudice to the prosecution. See Hubbard, 60 Va. App. at 211 n.4, 725 S.E.2d at 168 n.4 ("[A] motion to withdraw a guilty plea may be appropriately denied where the record indicates that there has been some form of significant prejudice to the Commonwealth. Such prejudice may exist where the record reflects that the Commonwealth has partially or fully fulfilled its obligations in a plea agreement by dismissing or amending charges . . . .").[4]

## II.  THE PROFFER OF A DEFENSE ALONE IS NOT SUFFICIENT TO REQUIRE A TRIAL COURT TO GRANT A MOTION TO WITHDRAW A GUILTY PLEA.

Appellant offered to defend the charges by impeaching the testimony of the victim.  To the extent appellant argues that the existence of any defense, without more, requires a trial court to vacate a guilty plea, Parris refutes such a contention.[5]  The guilty plea must also be entered into "inadvisedly" *i.e.* there must be a reason to set aside the guilty plea beyond the mere existence of a defense.  Justus, 274 Va. at 154, 645 S.E.2d at 289 ("the motion [to withdraw the guilty plea] should be granted *even if the guilty plea was merely entered 'inadvisedly'* when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case" (emphasis added)).[6]  Otherwise, a defendant could plead guilty with full knowledge of an available defense to gain delay or for some other tactical reason, and then set the plea aside simply by tendering a defense to the charges.  Alternatively, a defendant who pled guilty in good faith with full awareness of an available defense might simply change his mind about the

---

[4] The Commonwealth does not make any claim of prejudice.

[5] Appellant does not raise any of the other grounds articulated in Parris for withdrawing a guilty plea, such as fear, fraud or official misrepresentation, surprise, or undue or improper influence.  189 Va. at 325, 52 S.E.2d at 874.

[6] In Hubbard, we addressed a different ground for withdrawing a plea, *i.e.*, the existence of improper or undue influence.  60 Va. App. at 207, 725 S.E.2d at 166.  Hubbard contended that he accepted the guilty plea based on the undue pressure his attorneys exerted on him.  Id. at 205, 725 S.E.2d at 165.

plea. The object of the <u>Parris</u> standard is to allow a defendant to withdraw his guilty plea in situations where the defendant would not have pled guilty but for some external circumstance such as coercion, or poor or erroneous advice from counsel. The Supreme Court in <u>Parris</u> did not, however, set about to enable gamesmanship or mere regret.

<u>Justus</u> and <u>Bottoms</u> illustrate the fact that a defendant who wishes to withdraw his guilty plea must do more than tender a defense. In <u>Justus</u>, the defendant pled guilty to charges of breaking and entering into the home of Harold Justus, malicious wounding of Harold and Tina Justus, and damage to property. 274 Va. at 147, 645 S.E.2d at 285. After pleading guilty, the defendant retained new counsel and moved to set aside her guilty pleas on the following grounds:

> Ms. Justus is innocent of the charges against her; she received inadequate counsel regarding whether or not to enter guilty pleas; her pleas were not based upon sound legal advi[c]e; her pleas were made without the benefit of discoverable information regarding Harold Justus' criminal history; her pleas were made without her having sufficient time to consult with her attorney; her attorney failed to interview important witnesses in her case and otherwise investigate the facts and circumstances involving the offense; and substantial and compelling evidence exists which strongly suggests her innocence.

> \*     \*     \*     \*     \*     \*     \*

> Several compelling defenses exist for Ms. Justus in her cases. Specifically, Ms. Justus is prepared to call a witness who will provide testimony tending to show that Ms. Justus had permission to enter the premises in question because she had been living there for some time prior to the event and following the event.

<u>Id.</u> at 149-50, 645 S.E.2d at 286. The Supreme Court held that the motion should have been granted. Justus's first attorney did not explore these viable defenses. She also possessed a reasonable defense to all the charges, that "she could not be guilty of breaking and entering her own home and unlawfully causing damage to it and that she had a reasonable claim of self-defense against the malicious wounding charges." <u>Id.</u> at 155, 645 S.E.2d at 289. It was the

- 9 -

combination of those two things, an available defense, and a plea that was inadvisedly entered into, that required the trial court to allow the defendant to withdraw the guilty pleas.

In Bottoms, the Supreme Court held that the defendant had entered his guilty plea to two charges of construction fraud "inadvisedly" and, therefore, the motion to withdraw the plea should have been granted. 281 Va. at 34, 704 S.E.2d at 412. First, the Court noted that there was no indication that the defendant understood the elements of the offenses. Id. at 35-36, 704 S.E.2d at 413. Second, the defendant tendered a reasonable defense: that he lacked the intent to defraud. Id. The construction work at issue involved a home and a church. The defendant established that he had purchased materials, had hired laborers, and had performed all the work on the home and approximately half of the work on the church. The quality of the work was at issue in each project. Appellant maintained that he did not complete the work on the church because he realized that he lacked the necessary license and was not following the requirements of the building code. Id. Bottoms, therefore, did not hold that the mere existence of a reasonable defense requires a trial court to vacate a guilty plea. Rather, the decision rests on the fact that defendant entered the plea inadvisedly due to (1) a misconception concerning the nature of the charge and (2) the existence of a reasonable defense.

A defense to the charges is not by itself sufficient to require a trial court to set aside a guilty plea. The guilty plea must also be entered inadvisedly. Any number of circumstances might render a plea inadvised, including the fact that an attorney overlooked a viable defense or the defendant did not understand the nature of the charges. Therefore, although appellant in this case tendered a defense, he also must establish that his guilty pleas were entered into inadvisedly. We now turn to that question.

### III. PARTICULAR CONSIDERATIONS INVOLVING GUILTY PLEAS ENTERED INTO PURSUANT TO RULE 3A:8(C)(1)(B)

To establish that his guilty pleas were entered inadvisedly, the appellant claims he relied on the faulty advice offered by his lawyer, specifically, that the court would follow the recommendation of the prosecution. Certainly, a guilty plea that is entered into based on a mistake of fact or a misunderstanding as to the effect of a plea – if those facts are established – can render the plea inadvised and can constitute a basis for withdrawing a plea.

Parris, Justus, Bottoms, and Hubbard did not involve a guilty plea under Rule 3A:8(c)(1)(B), *i.e.* one in which the prosecution agrees to make a nonbinding recommendation in exchange for a guilty plea. Therefore, we address as a matter of first impression the role Rule 3A:8(c)(2) plays in assessing a motion to withdraw a guilty plea that is filed after the trial court has signaled that it will not follow the prosecution's recommendation.

In analyzing this issue, we note that the Supreme Court in Justus held that reliance on "*admissions* made by a defendant in a guilty plea and the attendant colloquy . . . is misplaced in the context of a Code § 19.2-296 motion to withdraw a guilty plea prior to sentencing." 274 Va. at 154, 645 S.E.2d at 289 (emphasis added). The Court explained that "when the case remains within the jurisdiction of the trial court to permit the withdrawal of a guilty plea, the presumptions that would favor the Commonwealth in a habeas proceeding," where the defendant's admissions are presumed to be valid and are not to be lightly set aside, "simply do not apply." Id. Moreover, "when a defendant files a motion under Code § 19.2-296, he is necessarily seeking to repudiate the *admission of guilt* and some, if not all, of the *admissions* made in the guilty plea colloquy." Id. (emphasis added). The admissions in question are those that concern the defendant's guilt of the charged offense, the absence of a defense, or the defendant's satisfaction with the services of a

- 11 -

lawyer, *i.e.* statements admitting to certain external facts of which the trial court has no direct personal knowledge.[7]

Statements made by the accused during portions of a colloquy mandated by Rule 3A:8(c)(2) stand on a different footing. The Rule provides that

> [i]f the agreement is of the type specified in subdivision (c)(1)(B), the court shall advise the defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw his plea, unless the Commonwealth fails to perform its part of the agreement. In that event, the defendant shall have the right to withdraw his plea.

When a defendant acknowledges his understanding that the trial court is not bound by the prosecutor's recommendation, the defendant is not making an admission about external facts such as guilt or available defenses. When a court relies on this acknowledgement by the defendant, it is not presupposing any external facts. Instead, it is relying on an admonition *it* provided to the accused about its own authority and the defendant's response to the court's warning. Because the defendant's statements in the Rule 3A:8(c)(2) colloquy are not "admissions" or "admissions of guilt," these statements properly can inform the court's assessment of a defendant's claim that he did not understand or was misled to believe that the court would follow the prosecution's recommendation.[8] A contrary holding – that trial courts must ignore altogether such statements made by the court and the defendant's attendant responses – would render meaningless the specific colloquy mandated by the Rule, encourage the worst sort

---

[7] For example, in Hubbard, the motion to withdraw was based on alleged statements by, and undue pressure from, the defendant's attorneys that occurred outside of court. The defendant claimed that these statements made him feel "pushed" to accept the plea. 60 Va. App. at 165, 725 S.E.2d at 205. In that context, we held that the trial court erred in relying on admissions made by the defendant during his colloquy. Id. at 209, 725 S.E.2d at 167.

[8] We do not suggest that the defendant's affirmative answer to the Rule 3A:8(c)(2) question necessarily is *dispositive*. We hold only that the question and the answer may be *considered* in determining whether to set the plea aside.

of gamesmanship by defendants, and undermine the type of pleas authorized by Rule 3A:8(c)(1)(B).

The court here followed the requirements of Rule 3A:8(c)(2). It advised the defendant as follows:

> THE COURT: Do you further understand that the Court is not bound by this recommendation?
>
> MR. PRITCHETT: Yes, sir.
>
> THE COURT: Do you further understand that if the Court rejects this recommendation you do not have the right to withdraw your guilty plea except in certain circumstances?
>
> MR. PRITCHETT: Yes, sir.
>
> THE COURT: Did you understand all the questions asked?
>
> MR. PRITCHETT: *So, I can still be added more time than eight years?*
>
> THE COURT: *That is conceivable if the Court rejects the recommendation, yes, sir.*
>
> MR. PRITCHETT: *Okay.*
>
> THE COURT: *Do you understand that?*
>
> MR. PRITCHETT: *Yes, sir.*

App. at 86 (emphasis added). The trial court properly could consider these statements in assessing whether the appellant's guilty pleas were entered into inadvisedly or based on a mistake concerning the trial court's ability to reject the recommendation of the prosecution. The totality of this record, including the statements appellant made during the Rule 3A:8(c)(2) colloquy, demonstrates that the trial court did not abuse its discretion in denying the motion to withdraw the guilty pleas.

- 13 -

CONCLUSION

We affirm the judgment of the trial court.

Affirmed.