COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Decker and O'Brien
Argued at Norfolk, Virginia


TAMARA FELICIA BROWN

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0269-17-1            JUDGE MARY GRACE O'BRIEN
                                                MARCH 27, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Tamara Felicia Brown ("appellant") pled guilty to second offense petit larceny, in violation

of Code § 18.2-104, and trespass, in violation of Code § 18.2-119.[1]  After she was sentenced,

appellant filed a motion to withdraw her guilty pleas, which the court denied.  Appellant contends

that the court abused its discretion in denying her motion.  Finding no error, we affirm.

BACKGROUND

On January 30, 2017, appellant pled guilty to two misdemeanors resulting from her theft of

merchandise from a Walmart located in Portsmouth.  Before entering her pleas, appellant signed a

document acknowledging that she understood her rights, wished to waive them, and was pleading

guilty freely and voluntarily.  The court confirmed that appellant understood the charges against her

and was prepared to plead guilty.  The parties also presented the court with a plea agreement, signed

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Walter J. Ford accepted appellant's guilty pleas and entered the conviction and
sentencing order.

by appellant, her counsel, and the assistant Commonwealth's attorney. That document included the agreed-upon sentence.

The Commonwealth proffered that on May 12, 2016, a loss prevention officer at the Portsmouth Walmart saw appellant place items into bags and leave the store without paying for them. Previously, appellant had been banned from the store. Following the proffer, the court found appellant guilty of the charges and sentenced her pursuant to the plea agreement. The court later entered a conviction and sentencing order on February 3, 2017.

On February 1, 2017, appellant filed a motion to withdraw her guilty pleas. During a hearing on the motion on February 9, she asserted that she "didn't know what the circumstances would be, and that [pleading guilty] would make [her] lose [her] house and [her] job." Appellant also argued that she had "evidence to fight against [the] case." The court denied appellant's motion.

DISCUSSION

This Court reviews the denial of a motion to withdraw a guilty plea for an abuse of discretion. Howell v. Commonwealth, 60 Va. App. 736, 745, 732 S.E.2d 722, 726 (2012); see Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). We will reverse a court's ruling "only upon 'clear evidence that [the decision] was not judicially sound.'" Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998) (quoting Nat'l Linen Serv. v. Parker, 21 Va. App. 8, 19, 461 S.E.2d 404, 410 (1995) (alteration in original)).

Code § 19.2-296, which governs withdrawal of guilty pleas, distinguishes between motions made before and after sentencing:

> A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

When a defendant moves to withdraw a guilty plea prior to sentencing, the court should grant the motion if "the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made." Parris, 189 Va. at 324, 52 S.E.2d at 873. A court should also grant a pre-sentencing motion to withdraw a guilty plea when a defendant proffers evidence of a substantive and reasonable defense and withdrawal of the plea would not prejudice the Commonwealth. See Pritchett v. Commonwealth, 61 Va. App. 777, 786-87, 739 S.E.2d 922, 926-27 (2013). See also Spencer v. Commonwealth, 68 Va. App. 183, 189, 806 S.E.2d 410, 413 (2017).

However, the statute provides a different standard for a motion to withdraw a guilty plea made after sentencing. In that circumstance, the plea may be withdrawn only "to correct manifest injustice." Code § 19.2-296. The term "manifest injustice" is defined as "[a] direct, obvious, and observable error in a trial court." Howell, 60 Va. App. at 746, 732 S.E.2d at 726 (quoting Black's Law Dictionary 1048 (9th ed. 2009)). See also Johnson v. Anis, 248 Va. 462, 466, 731 S.E.2d 914, 916 (2012). We have stated that "[m]anifest injustice amounts to an obvious miscarriage of justice, such as an involuntary guilty plea or a plea based on a plea agreement that has been rescinded." Howell, 60 Va. App. at 746, 732 S.E.2d at 727. This heightened requirement indicates the General Assembly's intention to limit the circumstances under which a defendant can successfully withdraw a guilty plea after sentencing. See Pritchett, 61 Va. App. at 785, 739 S.E.2d at 926. As the Supreme Court has noted, "[t]his 'more severe standard is applied to avoid motions for withdrawal based on disappointment in the terms of the sentence imposed.'" Velazquez v. Commonwealth, 292 Va. 603, 616, 791 S.E.2d 556, 562 (2016) (quoting Lilly v. Commonwealth, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978)).

Here, appellant's motion to withdraw her guilty pleas was based on her "misunderstanding as to [their] effect." Parris, 189 Va. at 325, 52 S.E.2d at 874. Specifically, she asserted that she was

not aware the convictions resulting from her guilty pleas would cause her to lose her employment and her home. She acknowledged that she entered her pleas voluntarily; however, she contended that because of her belated realization of the collateral consequences resulting from her convictions, she should be allowed to withdraw the pleas. Appellant also claimed to have evidence of an affirmative defense, "prov[ing] that the merchandise was left in the store and [she] had [her] money returned."

Appellant's arguments are unpersuasive. First, a defendant's ignorance of the collateral consequences resulting from a guilty plea is not a basis for withdrawing it after sentencing, because it does not constitute manifest injustice. "For a guilty plea to be constitutionally valid, a defendant must be made aware of all the direct, but not the collateral, consequences of his plea." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (quoting Meyer v. Branker, 506 F.3d 358, 367-68 (4th Cir. 2007)) (holding that a defendant's loss of government benefits was a collateral consequence of his guilty plea and did not establish grounds for its withdrawal). In this case, appellant's loss of employment and her home were not direct, but collateral consequences of her guilty pleas. Therefore, the court did not abuse its discretion in finding that these collateral consequences did not amount to manifest injustice.

Second, appellant's assertion of an affirmative defense misapprehends the applicable standard for withdrawing her guilty pleas.[2] See Howell, 60 Va. App. at 747, 732 S.E.2d at 727. In that case, we affirmed a court's denial of a defendant's post-sentencing motion to withdraw his guilty plea. Id. at 749, 732 S.E.2d at 728. We concluded that the defendant's claim of an affirmative defense was irrelevant, as it could only constitute grounds for withdrawing a guilty plea

---

[2] Although appellant filed her motion to withdraw her guilty pleas after the sentencing hearing on January 30 but prior to the sentencing order entered February 3, the manifest injustice standard still applies. See Howell, 60 Va. App. at 747, 732 S.E.2d at 727 (applying the manifest injustice standard to a motion filed after the court pronounced the sentence but before entry of the final sentencing order).

before sentencing, "when a more liberal standard applies." Id. at 747, 732 S.E.2d at 727. Similarly, here, appellant's alleged affirmative defense was irrelevant to her motion to withdraw her guilty pleas filed *after* sentencing.

CONCLUSION

Appellant did not meet her burden of establishing that manifest injustice resulted from her guilty pleas. Accordingly, we find that the court did not err in denying her post-sentencing motion to withdraw the pleas.

<u>Affirmed.</u>