UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, O'Brien and Raphael
Argued at Lexington, Virginia


DAVID JOSEPH CECIL

v.      Record No. 0448-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
APRIL 5, 2022

FROM THE CIRCUIT COURT OF GILES COUNTY
H. L. Harrell, Judge

(Mark Q. Anderson, on brief), for appellant.  Appellant submitting
on brief.

Matthew P. Dullaghan, Senior Assistant Attorney General (Mark R.
Herring,[1] Attorney General, on brief), for appellee.


Upon guilty pleas, the Circuit Court of Giles County convicted David Cecil for armed

burglary, attempted robbery, conspiracy to commit robbery, conspiracy to commit burglary, and

possessing a firearm after conviction of a felony.  On appeal, Cecil contends that the circuit court

erred in denying his motion to withdraw his guilty pleas.

BACKGROUND

On January 29, 2019, Cecil signed an agreement to plead guilty to armed burglary,

attempted robbery, conspiracy to commit robbery, conspiracy to commit burglary, and possessing a

firearm after conviction of a felony.  In exchange for Cecil's pleas, the Commonwealth agreed to

drop charges of conspiracy to possess a firearm, conspiracy to use a firearm in the commission of a

felony, and using a firearm in the commission of a felony.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

On the same day that the plea agreement was executed, the circuit court conducted a hearing upon Cecil's pleas. During the plea colloquy, Cecil acknowledged that he understood the terms of the plea agreement, the elements of the charged crimes and possible defenses, and that a guilty plea waived certain trial and appellate rights. Cecil agreed that he and his attorney had discussed any possible defenses and the terms of the plea agreement, and Cecil said that he understood the maximum sentences he faced for his convictions. Cecil stated that it was his own decision to plead guilty because he was, in fact, guilty and that his decision was not influenced by any force, threat, or promises outside the plea agreement. Cecil further confirmed that he was not under the influence of any substance that might impair his understanding of the proceedings. The circuit court found that Cecil entered his guilty pleas freely, voluntarily, and intelligently.

The Commonwealth's summary of the evidence established that, on January 3, 2018, Cecil's son, Darren Cecil (Darren), agreed to help him commit a burglary and robbery at a particular Giles County residence. Cecil persuaded Darren to participate by claiming that there was a large quantity of drugs and money in the residence. Darren, Dakota Bailey, and five others went to Cecil's house and planned the attack, including deciding which of them would be armed with guns. When the group arrived at the targeted residence, they kicked in the door. A "shoot-out" followed, and both Cecil and Bailey were struck with gunfire. After the assailants fled the scene, Cecil collapsed on the side of the road. Bailey died from the gunshot wound he had sustained.

Upon the stipulation of evidence, the circuit court found Cecil guilty of the crimes as stated in the plea agreement. The circuit court granted the Commonwealth's motion to *nolle prosequi* the remaining charges under the plea agreement and continued the matter for sentencing.

After a replacement of Cecil's court-appointed counsel and several continuances, Cecil moved to withdraw his guilty pleas prior to his sentencing. In the motion, Cecil asserted when he entered his pleas, he "had been suffering from mental health problems for some time" and that the issues "interfered with his ability to understand the nature of his pleas and the effect of them on his case." Additionally, Cecil contended that "no attempt was made [by his prior attorney] to investigate whether his mental health problems presented a defense of insanity" and that, if permitted to withdraw his pleas, he would pursue an insanity defense.

On Cecil's motion, the circuit court ordered a mental health evaluation to determine whether he was competent to participate in further proceedings. As a result of the evaluation, the circuit court found Cecil incompetent to proceed in the case and ordered mental health treatment to restore his competency. The circuit court later determined that, as of August 26, 2020, Cecil was restored to competency.

At the hearing on his motion to withdraw his guilty pleas, Cecil testified that he did not remember entering the guilty pleas and he did not understand the charges to which he pled. Cecil could not remember whether he discussed an insanity defense with his former counsel.

The circuit court determined that Cecil's answers during the plea colloquy were "appropriate" and there was nothing to support a conclusion that he did not have a full understanding of the proceedings. As to Cecil's argument that he did not knowingly and voluntarily enter his pleas, the circuit court found that Cecil failed to prove that proceeding under his prior plea would constitute a manifest injustice. As to Cecil's argument that his plea was entered into without discussing the possibility of an insanity defense, the circuit court found that Cecil had failed to establish a reasonable defense to the charges. Accordingly, the circuit court denied Cecil's motion to withdraw his guilty pleas. At a later hearing, the circuit court sentenced Cecil to eighty years of imprisonment, with fifty years suspended, for burglary; ten years of imprisonment, with five

years suspended, for attempted robbery; ten years of imprisonment, all suspended, for conspiracy to commit robbery; five years of imprisonment, all suspended, for conspiracy to commit burglary; and five years of imprisonment, all suspended, for possessing a firearm after conviction of a felony. This appeal followed.

ANALYSIS

"We review a court's decision to deny a motion to withdraw a plea of guilty or *nolo contendere* under an abuse of discretion standard." *Spencer v. Commonwealth*, 68 Va. App. 183, 186 (2017) (citing *Pritchett v. Commonwealth*, 61 Va. App. 777, 785 (2013)). Accordingly, we will only reverse the circuit court's ruling upon "clear evidence that [the decision] was not judicially sound." *Id.* (alteration in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred" with regard to a circuit court's denial of a motion to withdraw a guilty plea. *Williams v. Commonwealth*, 59 Va. App. 238, 246-47 (2011) (quoting *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006)).

Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The Code is silent, however, as to what standard a court should apply for *pre*-sentencing motions to withdraw guilty pleas.[2] In resolving this question, the Supreme Court has held that a trial court should grant a motion to withdraw before sentencing if there is good cause to believe that

---

[2] Cecil did not object to, nor does he assign error to, the circuit court using the manifest injustice standard when disposing of his argument that he did not knowingly and voluntarily

- 4 -

> it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.

*Bottoms v. Commonwealth*, 281 Va. 23, 34 (2011) (quoting *Parris v. Commonwealth*, 189 Va. 321, 325 (1949)).

That said, a motion to withdraw a guilty plea is not a mechanism "to enable gamesmanship or mere regret." *Pritchett*, 61 Va. App. at 788. Thus, the Supreme Court has established a test to evaluate the merits of a pre-sentencing motion to withdraw a guilty plea: "[A] motion to withdraw a guilty plea made prior to sentencing should only be granted if a two-part test is satisfied: first, that the motion is made in good faith, and second, the defense advanced in support of the motion is reasonable and not merely dilatory or formal." *Branch v. Commonwealth*, 60 Va. App. 540, 546 (2012).[3]

This Court has stated that the first prong of the test requires the defendant "to establish a good-faith basis for making the guilty plea and later seeking to withdraw it." *Williams*, 59 Va. App. at 246. "The good faith requirement 'protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court[.]'" *Hubbard v. Commonwealth*, 60 Va. App. 200, 208 (2012) (quoting *Cobbins v. Commonwealth*, 53 Va. App. 28, 34 (2008)).

In his argument on appeal, other than an unsupported statement that the motion to withdraw was made in "good faith," Cecil fails to explain "his basis for making the guilty plea[s]

---

plead guilty. *See Edmonds v. Commonwealth*, 292 Va. 301, 305-07 (2016) (quoting *Justus v. Commonwealth*, 274 Va. 143, 153 (2007)).

[3] In addition, "prejudice to the Commonwealth [is] a relevant factor that should be considered when reviewing a motion to withdraw a guilty plea." *Small v. Commonwealth*, 292 Va. 292, 298 (2016).

*and* later seeking to withdraw [them]." *Williams*, 59 Va. App. at 246 (emphasis added). This unsubstantiated claim provides no basis to conclude that Cecil satisfied the first prong of the test required for reversal of the trial court's decision to deny the motion to withdraw his guilty pleas. *See* Rule 5A:20(c).

Even assuming, without deciding, that Cecil did establish a good-faith basis for both entering into and withdrawing his guilty pleas, he still failed to meet his burden of showing a reasonable defense. "A reasonable defense sufficient to withdraw a guilty plea is 'one based upon a proposition of law or one supported by credible testimony, supported by affidavit.'" *Ramsey v. Commonwealth*, 65 Va. App. 593, 602 (2015) (quoting *Williams*, 59 Va. App. at 249). "[T]he reasonable defense requirement 'defeats motions to withdraw which would result in an essentially futile trial[.]'" *Hubbard*, 60 Va. App. at 208 (quoting *Cobbins*, 53 Va. App. at 34). The movant need not present proof that he would prevail on his asserted defense, but only that evidence that allows the court "to determine whether the defendant has made a *prima facie* showing of a reasonable defense." *Hernandez v. Commonwealth*, 67 Va. App. 67, 79 (2016). "To meet the burden of introducing *prima facie* evidence of a reasonable defense, a defendant is required to 'proffer[ ] . . . sufficient facts to support the asserted defense, such that it is reasonable to present it to the judge or jury trying the case.'" *Spencer*, 68 Va. App. at 189 (alterations in original) (quoting *Hernandez*, 67 Va. App. at 79).

Cecil argues that "with the finding of incompetency so close in proximity to his pleas coupled with his history of mental health problems, he presented a possible substantive defense of insanity at the time of the offense." The problem with Cecil's argument is that competency to stand trial and insanity at the time of the offense are not synonymous legal or factual concepts.

"In Virginia . . . insanity is an affirmative defense that the defendant must establish to the satisfaction of the fact finder." *Morgan v. Commonwealth*, 50 Va. App. 120, 126 (2007)

(quoting *Shifflett v. Commonwealth*, 221 Va. 760, 769 (1981)). "[U]nder the *M'Naghten* test for insanity, recognized in Virginia, the defendant may prove that at the time of the commission of the act, he was suffering from a mental disease or defect such that he did not know the nature and quality of the act he was doing . . . ." *White v. Commonwealth*, 272 Va. 619, 625 (2006). Alternatively, a defendant may prove a defense of insanity by establishing that, even if he did know of the nature and quality of his actions, "he did not know what he was doing was wrong." *Id.*

On the other hand, the defendant's state of mind at the time of the offense is irrelevant to the question of whether the defendant is competent to stand trial. Instead, the competency inquiry focuses on whether the defendant has "'sufficient *present* ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (emphasis added) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*)).

We have previously addressed the issue of the withdrawal of a guilty plea based upon a proffered insanity defense in *Hernandez*. There we held that the circuit court abused its discretion in denying the defendant's motion to withdraw his guilty plea because the circuit court improperly weighed the defendant's proffered insanity defense. In *Hernandez*, the defendant presented testimony from a doctor who opined that the defendant was legally insane at the time of the offense. 67 Va. App. at 74. The circuit court found the Commonwealth's evidence more credible and denied the motion. *Id.* On appeal, we held that the circuit court abused its discretion because "it is not the trial court's role to evaluate credibility of witnesses, nor to determine whether the proffered defense will be successful." *Id.* at 79. Because the defendant's witness "concluded appellant was insane at the time of the offenses; the jury, as factfinder,

- 7 -

would decide whether such conclusion was credible." *Id.* at 80. Thus, the defendant established the existence of a reasonable defense. *Id.*

In this case, in contrast to *Hernandez*, Cecil presented no evidence tending to establish that, during the January 2018 incident which he instigated and planned, he was suffering from a mental disease or defect such that he did not know the nature and quality of his acts, that he did not know what he was doing was wrong, or that he was totally deprived of the mental power to control or restrain his actions. Cecil's vague, claimed history of mental health issues in the past does not support a conclusion of insanity at the time of his offenses. The mere fact that the circuit court found that Cecil was not competent to proceed with sentencing nearly two years after the offenses has no tendency to prove a defense of legal insanity. Nor did Cecil's claim at the January 13, 2021 hearing that he did not recall or understand his guilty pleas, which he entered about a year before, have any bearing upon his mental condition in January 2018. Indeed, unlike the defendant in *Hernandez*, Cecil proffered no evidence relating to his mental state at the time of the offense. Accordingly, Cecil did not present *prima facie* evidence that, if believed, would permit a factfinder to conclude that he was legally insane at the time of the offense. Thus, we cannot say that the circuit court abused its discretion in finding that Cecil failed to present a reasonable defense to warrant withdrawal of his guilty pleas.[4]

---

[4] We recognize that "focusing on 'admissions made by a defendant in a guilty plea and the attendant colloquy . . . is misplaced in the context of a Code § 19.2-296 motion to withdraw a guilty plea prior to sentencing.'" *Hubbard*, 60 Va. App. at 208 *(*quoting *Bottoms*, 281 Va. at 33). Here, though, while the trial court noted that appellant's responses during the plea colloquy were "appropriate" and supported a conclusion that appellant understood the proceedings, the trial court also found that appellant had failed to establish a reasonable defense. Moreover, having reached the conclusion that the record supports the trial court's decision, we need not consider whether the Commonwealth would have sustained prejudice by a withdrawal of appellant's guilty pleas. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) (recognizing that "judicial restraint dictates that we decide cases on the best and narrowest grounds available" (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).

CONCLUSION

Because the record demonstrates that the circuit court did not abuse its discretion in denying

Cecil's motion to withdraw his guilty pleas, we affirm Cecil's convictions.

*Affirmed.*