COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, AtLee and Senior Judge Petty

PHILLIP THOMAS HEAD

MEMORANDUM OPINION*

v.      Record No. 1941-24-2                    PER CURIAM
                                                FEBRUARY 10, 2026

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
J. Bruce Strickland, Judge

(James Joseph Ilijevich, on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Israel-David J.J. Healy,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


Upon his guilty plea, the trial court convicted Phillip Thomas Head of abduction by force or

intimidation in violation of Code § 18.2-47. On appeal, he contends that the court erred by denying

his pre-sentence motion to withdraw his guilty plea. Having examined the briefs and record in this

case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is

wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm.[2]

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] We note that Head filed several transcripts late, including a transcript from the hearing
on his motion to withdraw his guilty plea. *See* Rule 5A:8(b)(4)(ii) (requiring that appellants
"ensure that the record contains transcripts or a written statement of facts necessary to permit
resolution of appellate issues"). The court's letter opinion outlines the arguments that Head
raised and the court's reasons for denying the motion. Therefore, the late transcripts are "not
indispensable to resolving this case," and "we are able to dispose of the case by considering
other portions of the record." *See Veldhuis v. Abboushi*, 77 Va. App. 599, 607 (2023).

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

At a February 2024 bench trial, Head initially pleaded not guilty to charges of abduction and child abuse of B.S.,[3] who was 15 years old at the time of the offenses. Karen Streeter, B.S.'s adoptive mother, testified that she had become B.S.'s foster parent in 2016 before adopting her in 2018. Streeter did not know Head personally, but she "knew of him" and knew that he was B.S.'s biological father.

On June 5, 2022, when B.S. did not return home from school, Streeter contacted the police. On June 26, Streeter received a telephone call from Head, who told her that B.S. was safe and that Streeter should stop searching for her. Two months later, the police found B.S., who was dirty and "unkempt," with Head. The police arrested Head.

At the close of the Commonwealth's case, Head moved to strike the evidence on the child abuse charge. After the court denied the motion, Head agreed to plead guilty to abduction, and the Commonwealth moved to dismiss the child abuse charge. The agreement did not include any sentencing terms.

During a plea colloquy, Head acknowledged that he understood the abduction charge and had discussed any possible defenses with his counsel. Head understood the rights he waived by

---

[3] We use initials to protect the victim's privacy.

pleading guilty, including his right to appeal. The court found that Head entered his plea freely, knowingly, intelligently, and voluntarily, and it accepted his guilty plea to the abduction charge. The court also dismissed the child abuse charge, pursuant to the plea agreement.

In March 2024, Head, *pro se*, moved to withdraw his guilty plea. In support, Head argued inter alia that because he was B.S.'s "parent," he was subject to a lesser punishment under Code § 18.2-47(D).[4] In June 2024, Head's newly appointed counsel filed a supplemental motion to set aside the verdict, similarly arguing that Head could not "be prosecuted under the statute to which he plead[ed] guilty as he is a biological parent." In response, the Commonwealth argued that because B.S. had been legally adopted, Head was no longer a "parent" under Code § 18.2-47(D). Further, the Commonwealth asserted that allowing Head to withdraw his guilty plea would unduly prejudice the Commonwealth.

Following a hearing, the court denied the motion, finding that after the adoption process, Head had no legal ties to B.S. and was no longer her "parent" for purposes of Code § 18.2-47(D). The court also held that granting Head's motion "would severely prejudice" the Commonwealth. The court sentenced Head to ten years of incarceration with six years suspended.

ANALYSIS

We review a trial court's decision denying a motion to withdraw a guilty plea for abuse of discretion. *Spencer v. Commonwealth*, 68 Va. App. 183, 186-88 (2017); *see also Pritchett v. Commonwealth*, 61 Va. App. 777, 785 (2013). We reverse the trial court's decision "only upon

---

[4] When committed by a "parent," child abduction is a Class 1 misdemeanor under Code § 18.2-47(D). Otherwise, the offense is punishable as a Class 2 felony under Code § 18.2-47(C). We acknowledge that in 2023—after appellant committed the crimes at issue here—Code § 18.2-47(D) was amended to make it a misdemeanor not only for a "parent" to commit child abduction, but also for a "family or household member, as defined by [Code] § 16.1-228, who had been ordered custody or visitation" of the child. *See* 2023 Va. Acts ch. 400. Appellant, however, does not rely on this amended language; he claims only that as B.S.'s biological parent, he could not be guilty of the felony to which he pleaded guilty.

'clear evidence that [the decision] was not judicially sound.'" *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998) (alteration in original) (quoting *Nat'l Linen Serv. v. Parker*, 21 Va. App. 8, 19 (1995)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Ramsey v. Commonwealth*, 65 Va. App. 593, 599 (2015) (quoting *Williams v. Commonwealth*, 59 Va. App. 238, 246-47 (2011)). In exercising its discretion, the trial court "has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (alteration in original) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Thus, "motions to withdraw a guilty plea are governed by two separate standards" depending on the timing of the motion. *Brown v. Commonwealth*, 297 Va. 295, 299 (2019). "A motion to withdraw a guilty plea made after sentencing is governed by the 'manifest injustice' standard." *Id.* at 300 (emphasis omitted) (quoting Code § 19.2-296). In contrast, a motion to withdraw a guilty plea made before sentencing is governed by a "more forgiving" standard. *Id.* at 299. Under this standard, "a defendant's pre-sentencing plea-withdrawal motion should be granted in one of two situations: either when the defendant's guilty plea was 'made involuntarily,' or it was 'entered inadvisedly, if any reasonable ground is offered for going to the jury.'" *Commonwealth v. Holland*, 304 Va. 34, 48 (2025) (quoting *Brown*, 297 Va. at 299).

As this Court has recognized, "[t]he Virginia Supreme Court in *Parris v. Commonwealth*, 189 Va. 321 (1949), made the 'seminal statement' of Virginia law governing 'the denial by a trial court of a motion to withdraw a guilty plea.'" *Cobbins v. Commonwealth*, 53 Va. App. 28,

- 4 -

34 (2008) (quoting *Justus v. Commonwealth*, 274 Va. 143, 152 (2007)). In *Parris*, the Supreme

Court held that

> a timely motion should not be denied "if it appears from the
> surrounding circumstances that the plea of guilty was submitted in
> *good faith* under an *honest* mistake of material fact or facts, or if it
> was induced by fraud, coercion or undue influence and would not
> otherwise have been made" so long as "any *reasonable ground* is
> offered for going to the jury."

*Id.* (quoting *Parris*, 189 Va. at 324-25). Thus, under *Parris*, a pre-sentence motion to withdraw a

guilty plea should be "granted if a two-part test is satisfied." *Branch v. Commonwealth*, 60

Va. App. 540, 546 (2012). "The *Parris* standard . . . requires the defendant (i) to establish a

good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer

evidence of a reasonable basis for contesting guilt." *Cobbins*, 53 Va. App. at 34. "The first

requirement protects the integrity of the judicial process by precluding defendants from using a

guilty plea as a subterfuge to manipulate the court," and "[t]he second requirement defeats

motions to withdraw [that] would result in an essentially futile trial." *Id.*

For pleas "entered inadvisedly," the Supreme Court recently reiterated the law

established by *Parris* and its progeny, which requires the defendant to prove

> (1) the plea of guilty was submitted in good faith under an honest
> mistake of material fact or facts . . .; (2) the evidence supporting
> the motion shows that there is a reasonable defense to be presented
> to the charge; (3) granting the motion will not unduly prejudice the
> Commonwealth; and (4) the motion to withdraw the plea was not
> filed merely to cause undue delay in the administration of justice
> or [otherwise represents] bad faith or misconduct by or on behalf
> of the defendant.

*Holland*, 304 Va. at 48-49 (alterations in original) (footnote omitted) (quoting *DeLuca v.*

*Commonwealth*, 73 Va. App. 567, 579 (2021), *aff'd*, 302 Va. 171 (2023)). Moreover, "[t]he

defendant's assertions must be 'sustained by proofs.'" *Id.* (quoting *Justus*, 274 Va. at 153).

A defendant's burden to prove good faith in a motion to withdraw a guilty plea is two-fold. Both "the guilty plea and the motion to withdraw the guilty plea must be made in good faith." *Pritchett*, 61 Va. App. at 787. A defendant can demonstrate that his motion to withdraw his guilty plea is made in good faith by showing he "would not have pled guilty but for some external circumstance such as coercion, or poor or erroneous advice from counsel." *Id.* at 788. And "[a] trial court's finding on the issue of 'good faith' is a finding of fact." *Branch*, 60 Va. App. at 547-48 (quoting *Johnston v. First Union Nat'l Bank*, 271 Va. 239, 248 (2006)). Hence, we defer to that finding unless it is "'plainly wrong' or without evidence to support" it. *Id.* at 548 (quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (en banc)).

Here, the court found Head's argument that he was still B.S.'s "parent" meritless. Indeed, "[w]hen a court orders termination of parental rights, the ties between the parent and child are severed forever and the parent becomes 'a legal stranger to the child.'" *Cage v. Harrisonburg Dep't of Soc. Servs.*, 13 Va. App. 246, 249 (1991) (quoting *Martin v. Pittsylvania Cnty Dep't of Soc. Servs.*, 3 Va. App. 15, 20 (1986)). Upon Streeter's adoption of B.S., Head was divested by statute of "all legal rights and obligations in respect to the child." Code § 63.2-1215(A). Because Head was not B.S.'s parent, his offense was not eligible for punishment as a misdemeanor under Code § 18.2-47(D). The court properly concluded that Head did not proffer a reasonable defense nor show that he inadvisably entered the guilty plea.

The record also supports the court's conclusion that to allow Head to withdraw his plea "would severely prejudice" the Commonwealth. "[A] motion to withdraw a guilty plea may be appropriately denied where the record indicates that there has been some form of significant prejudice to the Commonwealth." *Ramsey*, 65 Va. App. at 600 (alteration in original) (quoting *Hubbard v. Commonwealth*, 60 Va. App. 200, 211 n.4 (2012)). "Such prejudice may exist where the record reflects that the Commonwealth has partially or fully fulfilled its obligations in a plea

agreement by dismissing or amending charges." *Id.* (quoting *Hubbard*, 60 Va. App. at 211 n.4). Here, pursuant to the plea agreement, the court dismissed the child abuse charge on the Commonwealth's motion. Because Head did not agree to the plea until after the Commonwealth had presented evidence on both charges and closed its case, the Commonwealth could not nolle pros the child abuse charge and is precluded from additional prosecution for the dismissed charge. *See Neff v. Commonwealth*, 39 Va. App. 13, 17 (2002) (stating that when dismissal of a charge constitutes an acquittal, the Fifth Amendment's double jeopardy clause applies to protect against a second prosecution for the same offense). We find no abuse of discretion with the court's denial of Head's motion to withdraw his guilty plea.

CONCLUSION

For these reasons, we affirm.

*Affirmed.*