COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Kelsey and Beales
Argued at Richmond, Virginia


RONALD PATRICK COBBINS

v.       Record No. 1771-07-2                                    OPINION BY
                                                          JUDGE D. ARTHUR KELSEY
COMMONWEALTH OF VIRGINIA                                    DECEMBER 2, 2008


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                         Leslie M. Osborn, Judge

        Melissa Fraser (Gravitt & Gravitt, P.C. on briefs), for appellant.

        Robert H. Anderson, III, Senior Assistant Attorney General
        (Robert F. McDonnell, Attorney General, on brief), for appellee.


        In the trial court, Ronald Patrick Cobbins pled guilty to various offenses and later

unsuccessfully sought to withdraw his pleas.  He argues on appeal the trial court abused its

discretion in denying his motion to withdraw his pleas.  Cobbins also argues the trial court made

erroneous rulings prior to his guilty pleas.  Because the trial court did not abuse its discretion in

denying Cobbins's motion to withdraw his pleas, we affirm his convictions without addressing

his challenge to the trial court's prior rulings.


                                        I.

        In April 2006, the grand jury indicted Cobbins for robbery, use of a firearm during a

robbery, malicious discharge of a firearm in an occupied building, and possession of a firearm by

a convicted felon.  Claiming indigency, Cobbins was appointed counsel.  His first attorney quit

citing an irreconcilable "personality conflict between defense counsel and the accused" making it

impossible for the attorney to fulfill his duties.  Cobbins again presented a claim of indigency,

and the trial court appointed substitute counsel. After various continuances, the case was scheduled for a jury trial on February 5, 2007. A few days before trial, Cobbins's counsel represented to the court that the parties had entered into a written plea agreement and Cobbins wished to address the court prior to signing the agreement. Counsel added that he did not know what Cobbins intended to say. The court took a lengthy recess for counsel and Cobbins to confer.

After the recess, Cobbins stated he wanted to retain private counsel. He recently entered into an agreement to sell his house, Cobbins alleged, and would eventually have enough money to hire counsel. He sought a continuance of the trial date for an indefinite time period to close the house sale and hire new counsel. The court denied the motion to continue.

After again conferring with counsel, Cobbins decided to plead guilty to the charge of possession of a firearm by a convicted felon and to offer Alford guilty pleas to the remaining charges.[1] Cobbins offered the Alford guilty pleas, counsel advised the court, because Cobbins "does not wish to take the chance with a jury trial."

The trial court conducted the routine colloquy to confirm that Cobbins offered the pleas freely and voluntarily. Cobbins stated he understood "beyond a shadow of a doubt" what he was doing. The prosecutor proffered evidence that Cobbins demanded money from the victim. When she refused, Cobbins dragged the victim into his bedroom and fired a handgun into the bedroom ceiling. The victim turned over the money and ran away. Police later arrested Cobbins

---

[1] When offering an Alford plea, a defendant asserts his innocence but admits that sufficient evidence exists to convict him of the offense. See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970); see also Parson v. Carroll, 272 Va. 560, 565, 636 S.E.2d 452, 454-55 (2006) (describing effect of Alford plea in Virginia). Virginia courts "treat Alford pleas as having the same preclusive effect as a guilty plea." Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d 651, 652 (2000) (citation omitted). As a result, they are often termed "'Alford' pleas of guilty." Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008); see also Zigta v. Commonwealth, 38 Va. App. 149, 151, 562 S.E.2d 347, 348 (2002) (using the phrase "Alford plea of guilty").

and found a handgun in his possession, a spent shell casing on his bedroom floor, and a bullet hole in his bedroom ceiling. The prosecutor also proffered Cobbins's prior felony conviction order.

When the trial court questioned Cobbins about the <u>Alford</u> pleas, Cobbins said he did not "want to take a chance" on a jury trial given his displeasure with counsel and the weight of the evidence against him. The trial court accepted the <u>Alford</u> pleas, ruling that "the evidence as presented by the Commonwealth would be overwhelming and substantially negates the defendant's claim of innocence" leading Cobbins to rightly conclude "it was in his best interest to enter this <u>Alford</u> plea of guilty." The trial court entered a conviction order, ordered a presentence report, and scheduled a sentencing hearing.

Shortly thereafter, Cobbins retained private counsel and filed a motion to withdraw his guilty pleas. In support of his motion, Cobbins testified that he entered those pleas because "that was the only way that I felt that I could buy time in order to get a lawyer to try to fight this thing properly." He was simply "buying time," Cobbins explained, so he could circuitously get the continuance the trial court had denied him.

Asked about his defense to the charges, Cobbins stated only that some evidence (which he did not disclose) would impeach the victim's testimony and "other issues" might also help exonerate him. The trial court denied Cobbins's motion to withdraw his guilty pleas and imposed sentences on his four convictions.

II.

On appeal, Cobbins claims the trial court erred in not allowing him to withdraw his guilty pleas and not granting his earlier motion for a continuance for the purpose of securing private counsel. We hold the trial court did not err in refusing Cobbins's motion to withdraw his pleas and, consequently, the trial court's ruling prior to the pleas cannot be appealed.

A.  MOTION TO WITHDRAW GUILTY PLEAS

The Virginia Supreme Court in Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949), made the "seminal statement" of Virginia law governing "the denial by a trial court of a motion to withdraw a guilty plea." Justus v. Commonwealth, 274 Va. 143, 152, 645 S.E.2d 284, 288 (2007). Parris held that a timely motion should not be denied "if it appears from the surrounding circumstances that the plea of guilty was submitted in *good faith* under an *honest* mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made" so long as "any *reasonable ground* is offered for going to the jury." Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74 (emphasis added). To warrant withdrawal of the guilty plea, therefore, the motion must be "made in good faith and sustained by proofs" justifying a trial on the merits. Justus, 274 Va. at 153-54, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 325-26, 52 S.E.2d at 874); Coleman v. Commonwealth, 51 Va. App. 284, 289, 657 S.E.2d 164, 166 (2008).[2]

The Parris standard thus requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt. Justus, 274 Va. at 155-56, 645 S.E.2d at 289-90. The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial. As Parris explained, a trial court's discretion to grant the motion "will rarely, if ever, be exercised in aid of an attempt to rely upon

_____

[2] Parris does not require a showing that the guilty plea was involuntary in any constitutional sense or the result of ineffective assistance of counsel. As a result, the "presumptions that would favor the Commonwealth in a habeas proceeding" do not apply "when the case remains within the jurisdiction of the trial court to permit the withdrawal of a guilty plea." Justus, 274 Va. at 154, 645 S.E.2d at 289. For this reason, a good-faith guilty plea could be entered ill-advisedly (but nevertheless voluntarily) and still be a permissible candidate for a motion to withdraw so long as the Parris criteria are satisfied. Id.

a merely dilatory or formal defense." Id. at 153, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 323-34, 52 S.E.2d at 873-74).[3]

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris, 189 Va. at 324, 52 S.E.2d at 873. "As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea." Zigta v. Commonwealth, 38 Va. App. 149, 153, 562 S.E.2d 347, 349 (2002) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874). Appellate review under an abuse-of-discretion standard, "if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (citation omitted), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (citation omitted).

Applied to this case, these principles support the trial court's discretionary decision to deny Cobbins's motion to withdraw his guilty pleas. By his own admission, Cobbins pled guilty in an attempt to "buy time" to get what he really wanted: yet another continuance of his trial so he could dismiss his second lawyer and hire a third. The guilty pleas served as a subterfuge designed to manipulate the court, against its better judgment, into unwittingly continuing the trial

---

[3] Cobbins asserts that requiring him to proffer a reasonable defense in support of a motion to withdraw his pleas violated his "right to due process" under the United States and Virginia Constitutions. See Appellant's Br. at 8. Cobbins, however, never made this argument in the trial court. Rule 5A:18 precludes appellants from raising for the first time on appeal "grounds asserted as a 'basis for reversal' of the trial court's judgment." Blackman v. Commonwealth, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005). Cobbins does not argue that any exception to Rule 5A:18 applies, and we will not invoke one *sua sponte*. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, SCV No. 040019 (Va. Oct. 15, 2004).

date.  Because Cobbins acted in bad faith, he could not justly expect the trial court to reward his duplicitous conduct.  The trial court, therefore, did not err in denying his motion to withdraw his pleas.[4]

### B. DENIAL OF MOTION TO CONTINUE

Cobbins argues the trial court violated Code § 19.2-159.1(B) by failing to grant his continuance so that he could secure private counsel.  See generally London v. Commonwealth, 49 Va. App. 230, 236, 638 S.E.2d 721, 724 (2006).  That issue, however, is not properly before us on appeal.

An "Alford plea is a variation of a guilty plea," United States v. Morrow, 914 F.2d 608, 611 (4th Cir. 1990), and has "the same preclusive effect as a guilty plea" for purposes of appeal, Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d 651, 652-53 (2000) (citation omitted); see Clauson v. Commonwealth, 29 Va. App. 282, 294, 511 S.E.2d 449, 455 (1999). Because guilty pleas constitute "a waiver of all defenses other than those jurisdictional," Savino v. Commonwealth, 239 Va. 534, 539, 391 S.E.2d 276, 278 (1990) (citation omitted), absent a jurisdictional defect, "no appeal will lie because there is nothing to appeal," Mason v. Commonwealth, 219 Va. 1091, 1098, 254 S.E.2d 116, 121 (1979).

Consequently, no appellant can "complain of any non-jurisdictional defects that occurred prior to his guilty plea."  Walton v. Commonwealth, 256 Va. 85, 91, 501 S.E.2d 134, 138 (1998); Terry v. Commonwealth, 30 Va. App. 192, 197, 516 S.E.2d 233, 235-36 (1999) (*en banc*).  We thus decline to decide whether the trial court abused its discretion in denying Cobbins's motion

---

[4] The Commonwealth also argues Cobbins failed to proffer any "reasonable defense" to the charges, Justus, 274 Va. at 154, 645 S.E.2d at 289, because he presented "no affidavits, alibi witnesses, or even any explanation" in support of his requested not-guilty plea, Coleman, 51 Va. App. at 293, 657 S.E.2d at 168.  We need not address this issue, however, because Cobbins fails to satisfy the threshold good-faith requirement under Parris.  "In this case, as in all others, we seek to decide cases 'on the best and narrowest ground available' from the record." Kirby v. Commonwealth, 50 Va. App. 691, 702 n.2, 653 S.E.2d 600, 693 n.2 (2007) (citations omitted).

for a continuance.  Cobbins waived appellate review of this issue by pleading guilty to the charge of possession of a firearm by a convicted felon and by offering <u>Alford</u> guilty pleas to the remaining charges.

III.

The trial court did not abuse its discretion in denying Cobbins's motion to withdraw his guilty pleas.  The entry of those pleas precludes Cobbins from challenging the trial court's earlier denial of his motion for a continuance.  For these reasons, we affirm his convictions.

<u>Affirmed.</u>