COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

FRANCHUN DEON HUNT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1745-17-1                      JUDGE WILLIAM G. PETTY
                                                    NOVEMBER 13, 2018
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                                    John W. Brown, Judge

              William Joshua Holder, Assistant Public Defender, for appellant.

              Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
              Herring, Attorney General, on brief), for appellee.


        Franchun Deon Hunt pleaded guilty to and was convicted of possession of heroin with

the intent to distribute, second offense, and was sentenced to twenty years in prison. Hunt argues

that "[t]he trial court erred in proceeding to accept [his] guilty plea without conducting a hearing

and without making a formal determination about [his] competency to stand trial" and that "[t]he

trial court erred by denying [his] motion to withdraw his guilty plea." Finding no error, we

affirm the trial court's decision.

                                        BACKGROUND

        On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Hunt was indicted for distribution of heroin, second offense, in violation of Code § 18.2-248(C). Defense subsequently filed a motion for a psychiatric examination of Hunt. New counsel was substituted. On March 3, 2015, the trial court entered an order requiring a forensic evaluation of Hunt pursuant to Code § 19.2-169.1 in order to determine his competency to stand trial. Initially, Hunt was found incompetent to stand trial, so the trial court ordered mental health treatment to restore his competency. On March 1, 2016, however, a clinical psychologist from Eastern State Hospital filed a competency to stand trial evaluation, finding that Hunt "meets the criteria to be found competent to stand trial." In May of 2016, Hunt's counsel moved to withdraw as counsel, and in August of 2016, new counsel was substituted. In September of 2016, Hunt's counsel requested, and the trial court ordered, that Hunt again be evaluated for competency. The second evaluation, by Dr. Evan Nelson, was filed on December 21, 2016 and concluded that Hunt was competent to stand trial. In January of 2017, the trial court entered an order continuing the case from January 2017 to February 2017 because "the defendant has been found to be competent to stand trial."

In March of 2017, Hunt entered into a plea agreement with prosecutors and pleaded guilty to one count of possession with intent to distribute heroin, second offense.[1] In connection with his plea, Hunt signed an "Advice to Defendants Pleading Guilty" form. The form states, among other things, "I understand that the maximum possible punishment for this (these) crime(s) is a term of life years of imprisonment and a $500,000 fine plus all court costs." Handwritten after this sentence is "5 years w/ 3 mandatory." Additionally, in the plea agreement filed with the court, which was also signed by Hunt, it states, "There is no agreement as to sentence." In the plea colloquy with the trial court, the trial court read a portion of the plea form,

---

[1] In exchange for his plea, the Commonwealth agreed to *nolle prosequi* three other charges.

including the statement that there was no agreement as to sentence. The trial court then asked if "this [is] your understanding, the full understanding of the agreement you, your attorney and the Commonwealth's attorney agreed on together?" Hunt said yes. When asked if any other promises had been made to him, Hunt said no. Hunt also agreed that the maximum punishment he could receive in the case was life and that "[t]here is also mandatory time, a minimum of five years with a three-year mandatory." The trial court accepted his plea, found him guilty, and the Commonwealth made a motion to *nolle prosequi* three other charges that were brought against Hunt.

At the sentencing hearing six months later, in September of 2017, Hunt made a motion to withdraw his guilty plea. Hunt argued that the initial background check

> did not reveal that [Hunt] had this conspiracy to commit robbery, which would have taken him to a Category 2, which definitely changed the range of his [sentencing] guidelines. When we initially did the sentencing guidelines, it was showing a midpoint of 2 years, and a sentence range of 1 year to 2 years and 3 months, which would have to be adjusted up because of the 3-year mandatory minimum in this particular case.

Defense counsel indicated that at the time of the plea, Hunt believed "his guidelines were much lower than what they actually are, that they would be raised to the mandatory minimum of 3 years." The trial court denied Hunt's motion to withdraw his guilty plea, noting that Hunt

> was advised that it could be as much as life and $500,000, and despite the language of 5 years with a 3-year mandatory minimum, the defendant had no plea agreement, nothing other than dropping three other felonies, distribution, pleading to one. The plea agreement itself states that a presentence report shall be prepared, and there is no agreement as to sentence.

The trial court noted that Hunt was aware of his own criminal record and that he signed the guilty plea form recognizing that he was exposing himself to a possible sentence of life in prison. The trial court sentenced Hunt to twenty years in prison with fourteen years and six months suspended with a fine of $2,500.

ANALYSIS

On appeal, Hunt argues that the trial court erred in accepting his guilty pleas without conducting a hearing and making a formal determination that he was competent to stand trial. We note, however, that this issue was first raised on appeal; Hunt never requested a formal finding of competency by the trial court before entering his guilty plea. Nor did he state an objection to the two reports indicating that he was competent to stand trial.

Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "This Court has said 'the primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)). Thus, "[n]ot just any objection will do. It must be both *specific* and *timely-so* that the trial judge would know the particular point being made in time to do something about it." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). To the extent Hunt raises constitutional issues, we note that "Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

The record before us reveals that Hunt never raised any issue in the trial court related to the court making a finding of competency.[2] It was not until almost six months after entering his plea, at the date of sentencing, that Hunt attempted to raise this issue. Even then, he did not ask

---

[2] Although defense counsel requested competency evaluations be done at certain points, no question was raised as to the findings in each report or that a hearing was required upon receipt of any of the reports.

the trial court to make a finding of competency. The issue of a specific competency finding was not raised until the case came before this Court on appeal.

Hunt argues, however, that if the issue was not properly preserved, this Court should consider it under the ends of justice exception to Rule 5A:18. Invocation of the ends of justice exception to Rule 5A:18 requires the identification of an actual miscarriage of justice. See Phoung v. Commonwealth, 15 Va. App. 457, 464, 424 S.E.2d 712, 716 (1992). No miscarriage of justice has been shown here. In fact, quite to the contrary; the record establishes that two mental health experts opined that Hunt was competent to stand trial prior to the entry of his guilty plea, and the trial court noted these findings in its scheduling order.[3] Therefore, we find that Hunt did not properly preserve this assignment of error and we will not address its merits.

Secondly, Hunt argues that the trial court erred in denying his motion to withdraw his plea of guilty. We disagree.

We review a trial court's decision to deny a motion to withdraw a guilty plea prior to sentencing under an abuse of discretion standard. Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). Whether an accused may be allowed to withdraw a plea of guilty "is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Id.

To determine whether a motion to withdraw a guilty plea should be granted "requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt." Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008). As we explained: "The first

---

[3] To the extent that Hunt argues that the trial court never made a competency determination, we note that the record contains an order entered by the trial court continuing the trial date "for good cause shown because: the defendant has been found to be competent to stand trial." The order is signed by the trial court, the Commonwealth, defense counsel, and Hunt.

requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Id. Thus, it is not enough that a defendant "proffer[s] evidence of a reasonable basis for contesting guilt." Id. To prevail on a motion to withdraw a guilty plea, the defendant must also "establish a good-faith basis for making the guilty plea and later seeking to withdraw it." Id.

Here, Hunt failed to establish a good-faith basis for seeking to withdraw his guilty plea. Hunt's asserted basis for rescinding his plea was that the sentencing guidelines came out higher than he had expected.[4] During the plea colloquy, however, Hunt specifically stated that he understood that there was no plea agreement regarding sentencing and that the court could sentence him "anywhere within the range of [the] maximum punishment." Thus, Hunt should have known his own criminal record and was clearly aware of the potential range of punishments available to the court at the time he pleaded guilty. As the trial court noted in denying Hunt's motion to withdraw his guilty plea, Hunt was advised that he could receive as much as life in prison. As such, the fact that the sentencing guidelines noted a higher range of sentence than Hunt had hoped does not constitute a good faith basis for rescinding his plea.

Additionally, Hunt proffered no evidence of a reasonable basis for contesting guilt. At no point has Hunt contested his guilt to the charge for which he pleaded. Although Hunt argues on brief that his "competency to stand trial was a reasonable defense," competency is not a "defense" to possession of heroin with the intent to distribute, or any charge. As noted above, Hunt was found competent to stand trial before he entered his guilty plea, and any argument as to the propriety of the trial court accepting his plea was waived. Accordingly, the trial court's

---

[4] Hunt fails to note, however, that in exchange for his plea, he received the benefit of the Commonwealth making a motion to *nolle prosequi* three other charges.

denial of Hunt's motion to withdraw his guilty plea was not plainly wrong or without evidence to support it. Hunt failed to establish a good-faith basis for making the guilty plea and later seeking to withdraw it and failed to proffer evidence of a reasonable basis for contesting guilt.

CONCLUSION

For the foregoing reasons, the ruling of the trial court is affirmed.

<u>Affirmed.</u>