COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and Russell
Argued at Lexington, Virginia

TRENT RASHAD JONES

v.       Record No. 0279-18-3

COMMONWEALTH OF VIRGINIA

                                    MEMORANDUM OPINION* BY
                                    JUDGE WESLEY G. RUSSELL, JR.
TRENT RASHAD JONES                  JANUARY 29, 2019

v.       Record No. 0281-18-3

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                        William D. Broadhurst, Judge[1]

        Hyatt B. Shirkey (Hyatt Browning Shirkey Law Firm, on brief), for
        appellant.

        Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
        Attorney General, on brief), for appellee.


        Appellant, Trent Rashad Jones, pled *nolo contendere* to two counts of distribution of

cocaine, second offense, in violation of Code § 18.2-248.[2]  On appeal, he contends the trial court

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] As detailed below, there were numerous hearings on numerous charges in different
cases that are material to the issues giving rise to this appeal.  Some of the proceedings were
conducted by Judge Broadhurst, and some of the proceedings were conducted by Judge Charles
N. Dorsey.  Because the identity of which judge presided over which hearing is immaterial to the
issues raised by Jones, the opinion does not refer to the judges by name, but rather, refers to
proceedings before either of them as being conducted by "the trial court."  Judge Broadhurst
entered the final sentencing orders.

        [2] Appellant filed separate notices of appeal in each case, along with separate but identical
briefs, arguing the same issues in each appeal.  By order of this Court dated October 31, 2018,
the two cases were consolidated for purposes of this appeal.

erred in denying his motion for a continuance to hire counsel of his choice and in requiring him "to proceed through a plea hearing and sentencing with" his court-appointed lawyer. For the reasons stated below, we do not address the merits of Jones' claim regarding a continuance and affirm the trial court's judgment rejecting Jones' request for new counsel.

BACKGROUND

On appeal, we view the record in the light most favorable to the Commonwealth because it was the prevailing party below. See Huguely v. Commonwealth, 63 Va. App. 92, 110 (2014). So viewed, the record establishes that Jones was originally indicted in the trial court on three counts of possession of cocaine with the intent to distribute. The trial court appointed the Office of the Public Defender to represent Jones on the charges. Jones later retained Melvin Hill as counsel. Hill was substituted as counsel of record by orders entered by the trial court on April 15, 2014 and June 18, 2014. On July 24, 2014, the trial court consolidated two of the charges, CR14-287 and -288, and set them for a jury trial separate from a jury trial on the third, non-consolidated charge, CR13-1638.

On August 20, 2014, while represented by Hill, Jones entered into a plea agreement by which he agreed to plead no contest to an amended charge of first offense of selling cocaine in case CR14-287 and to an amended charge of possession of cocaine with intent to distribute, first offense, in case CR13-1638. In turn, the Commonwealth agreed to *nolle prosequi* the third charge of selling cocaine as a subsequent offense in case CR14-288. The trial court conducted a full plea colloquy with Jones, and the Commonwealth summarized the evidence. Based on the plea and summary, the trial court found Jones guilty of both offenses and set the case for sentencing on October 20, 2014.

In December 2014, after two continuances of the sentencing hearing, Jones filed a motion to withdraw his no contest pleas. After hearing evidence on December 15, 2014, the trial court concluded that the "legal basis for the defendant to withdraw his pleas has not been made out." Nevertheless, the trial court permitted Jones to withdraw his pleas on the condition that a new jury

trial date be set by the close of business on that day. The trial court also held Jones in summary contempt for his conduct in the courtroom at that hearing. The matter was not reset for trial by the close of business on December 15, 2014.

On March 5, 2015, Jones and Hill appeared before the trial court on Jones' motion to withdraw his no contest pleas and on Hill's motion to withdraw as counsel. Jones indicated that he originally did not want a jury trial, but now he did wish to proceed to trial and withdraw his pleas. Jones was unhappy with Hill's representation of him and asked the trial court to allow Hill to withdraw and to appoint an attorney for him. The trial court found that Jones was indigent and appointed Dirk Padgett to represent him. The trial court then set the matter for a new sentencing hearing. Jones again requested to withdraw his pleas so that his case could go to trial, but the trial court would not allow Jones to withdraw his pleas because Jones had not complied with the trial court's previous instructions regarding resetting the case.

On March 16, 2015, Padgett filed another motion to allow Jones to withdraw his pleas. After holding a hearing on April 9, 2015, the trial court took the motion under advisement. On May 1, 2015, the trial court entered an order allowing Padgett to withdraw as counsel and appointed Seth Weston to represent Jones. The trial court also granted Jones' motion to withdraw his pleas, vacated the finding of guilt made on August 20, 2014, and set the case for a jury trial on the condition that the Commonwealth restore all the charges to their original status, including reinstating CR14-288, the charge that the Commonwealth moved the trial court to *nolle prosequi* upon Jones' pleas.

After several continuances due to unavailability of defense counsel, Weston filed a motion to withdraw as counsel on November 9, 2015. After hearing from both Jones and Weston, the trial court denied the motion by written order on December 2, 2015.

At the March 2016 grand jury term, Jones was indicted for an additional charge of selling cocaine, second offense, CR16-422, and the trial court appointed Weston to represent appellant on that charge as well.

On March 15, 2016, a jury trial was held in case CR13-1638, the reinstated indictment for possession of cocaine with intent to distribute as a second offense. Jones was found guilty by the jury. He requested a presentence report, and the trial court continued the matter until May 24, 2016.

On May 20, 2016, Weston again filed a motion to withdraw as counsel stating that Jones "has expressed in writing his dissatisfaction with services rendered and ineffective assistance of counsel." The trial court held a hearing and denied the motion, stating at the hearing that it did not "find anything in the complaints to the extent they are complaints or observations that Mr. Jones just made that would justify taking Mr. Weston off the case."

On July 7, 2016, Weston again moved to withdraw as counsel on the remaining pending charges in cases CR14-287 and -288. Weston was reluctant to relate the specifics of Jones' complaint to the trial court, so Weston called Jones to testify. During the hearing, the trial court explained issues of legal ethics to Jones. Specifically, Jones complained that Weston would not file his alibi defense as requested. The trial court explained that Weston could not ethically file a notice of an alibi defense if he did not possess a good faith belief that it was grounded in fact. Based on the presentation at the hearing, the trial court found that there were no facts to support the suggested alibi. The trial court then denied Weston's motion to withdraw.

On July 8, 2016, Weston filed two simultaneous motions to withdraw as counsel, expressing in one that Jones requested new counsel be appointed. The other motion alleged that Jones became "argumentative and irate" while speaking with Weston at the city jail, overturned and threw chairs, and destroyed paper files. Weston required assistance from jail staff, and averred that Jones' belligerent actions caused irreparable damage to the attorney-client relationship. The trial court

- 4 -

conducted a hearing on the motions on July 11, 2016. After Jones testified, the trial court detailed the credentials of all of Jones' previous lawyers, noting that they are all certified by the Virginia Indigent Defense Commission. The trial court elaborated, "All four of these lawyers enjoy stellar reputations. And it is a puzzle, it is an absolute conundrum. I'm just flat out flummoxed by the notion that all of them have had to withdraw for one reason or another." The trial court then denied Weston's motions to withdraw and kept the trial on the docket for the following day.

Later that day, Weston appeared with Jones on case CR13-1638 for sentencing and reiterated his motion to withdraw as counsel based upon the incident at the city jail and Jones' claim that Weston was ineffective. The trial court noted that nothing about the case suggested that Weston was ineffective, that Jones has "gone through . . . the best attorneys we've got so far" and asked Jones if he would now like to represent himself. Jones decided to proceed *pro se* at sentencing with Weston as standby counsel.

On July 12, 2016, Jones was scheduled to go to trial on two charges for which Weston remained his counsel. Prior to trial, Weston informed the trial court that attorney Darren Haley was present in the courtroom and was willing to be hired by Jones to take over the cases currently scheduled that day for trial. However, Weston explained that Haley was not prepared to go forward on that day and would request a continuance of the trial until he actually was retained and prepared to proceed. After reviewing Code § 19.2-159.1,[3] the trial court denied the motion for a continuance to allow Jones to retain Haley, stating that

---

[3] Code § 19.2-159.1(B) provides in relevant part:

> In the event the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant reasonable continuance to allow counsel to be obtained and to prepare for trial.

Mr. Haley having not actually been paid, although that is contemplated, and Mr. Haley most significantly candidly advising the [c]ourt as an Officer of the Court that he is not prepared for trial today, I think, pursuant to the statute it's frankly no offense intended, but it's too little, too late. And it's not – It's not appropriate and I'm not going to permit it in this case for those reasons all over the objection of Mr. Weston on behalf of Mr. Jones preserving all rights for appeal.

Jones was then arraigned on two charges of selling cocaine, having previously been convicted of a similar offense. He pled no contest to both charges. The trial court engaged Jones in an extensive plea colloquy to ensure Jones, among other things, understood the nature of a no contest plea, whether Jones had any more complaints about Weston, and whether Jones understood that he was giving up his right to appeal. Jones responded that he understood all of the questions. The Commonwealth then summarized the evidence as if the case had gone to trial. Jones agreed with the factual basis proffered by the Commonwealth. The trial court found Jones' pleas were made voluntarily, that he had been "capably represented by competent counsel," and that the Commonwealth established a factual basis to sustain the charges against Jones. The trial court then found Jones guilty of both offenses and consolidated these two cases with CR13-1638 for sentencing.

Jones appeals. He asserts that the trial court erred in refusing his request for a continuance to allow him to retain the services of a private attorney, Haley, to represent him. He also contends that the trial court erred in requiring him "to proceed through a plea hearing and sentencing with" his court-appointed lawyer, with whom he claimed a conflict, serving as standby counsel.

ANALYSIS

I. Jones' guilty pleas waived his continuance claim[4]

Jones argues that, given his Sixth Amendment right to counsel and the provisions of Code § 19.2-159.1(B), the trial court erred by refusing his request, made on the day of trial, for a continuance to allow him to retain Haley to represent him and to allow Haley time to prepare for that representation. We find that Jones' guilty pleas waived the issue of whether Jones was entitled to a continuance, and therefore, decline to address the merits of the claim on appeal.

Our resolution of this issue is controlled by our decision in Cobbins v. Commonwealth, 53 Va. App. 28 (2008). In Cobbins, the defendant, who claimed indigency, initially was assigned court-appointed counsel to represent him on multiple charges. Id. at 31. Cobbins developed a conflict with that counsel, so the trial court appointed another attorney to represent him. Id. at 31-32. A few days prior to trial and after Cobbins' court-appointed counsel had represented to the trial court that a plea agreement had been reached, Cobbins informed the trial court that he was in the process of selling his house and would use the proceeds to retain his own attorney. Id. at 32. He requested that the trial court continue the matter so that he could "close the house sale and hire new counsel." Id. The trial court denied the motion for a continuance. Id.

After the trial court denied the request for a continuance, Cobbins consulted with his court-appointed counsel. Id. At that time, "Cobbins decided to plead guilty to" one of the charges "and to offer Alford guilty pleas to the remaining charges." Id.

On appeal, Cobbins argued that "the trial court erred in . . . not granting his . . . motion for a continuance for the purpose of securing private counsel." Id. at 33. We concluded that

---

[4] Although Jones entered no contest pleas to the charges, we treat such pleas as guilty pleas in determining what appellate rights a defendant has waived. See Clauson v. Commonwealth, 29 Va. App. 282, 294 (1999).

Cobbins "waived appellate review of [the continuance] issue by pleading guilty[,]" and "[w]e thus decline[d] to decide whether the trial court abused its discretion in denying Cobbins's motion for a continuance." Id. at 37.

We see no material distinction between the situation in Cobbins and Jones' claim regarding the trial court's refusal to grant him a continuance in this case. Accordingly, we find that Jones waived any appellate claim related to the continuance and decline to reach the merits of that claim.[5]

## II. Jones' demand for a fifth counsel

In his other assignment of error, Jones asserts the trial court erred in "requiring [him] to proceed through a plea hearing and sentencing with" Weston as his attorney. For the reasons that follow, we reach the merits of this argument, but conclude that the trial court did not commit reversible error in declining to remove Weston from any further involvement in the matter.

At the outset, we address whether Jones' pleas waived Jones' ability to raise this argument on appeal. We interpret Jones' assignment of error as arguing that he effectively was denied his Sixth Amendment right to counsel at the time he entered his pleas, a critical stage of the proceedings for which counsel is required. See generally Lee v. United States, 137 S. Ct. 1958 (2017). Thus, unlike his challenge to the trial court's refusal to grant a continuance, this argument can be read as attacking the adequacy of his pleas. Accordingly, we conclude that the best and narrowest ground of addressing this issue is to reach the merits. See Abdo v. Commonwealth, 64 Va. App. 468, 473 n.1 (2015) (recognizing that, in some cases, "resolution of the merits constitutes the best and narrowest ground" for decision).

---

[5] Because Jones' appellate claim regarding the continuance is not an appeal asserting that "the statute of conviction violates the Constitution[,]" the United States Supreme Court's decision in Class v. United States, 138 S. Ct. 798, 801-02 (2018), is not implicated by Jones' appeal.

We review a trial court's decision regarding the withdrawal of counsel for an abuse of discretion. See Feigley v. Commonwealth, 16 Va. App. 717, 721 (1993); Paris v. Commonwealth, 9 Va. App. 454, 459 (1990). "The abuse-of-discretion standard, if nothing else, means that the trial judge's ruling will not be reversed simply because an appellate court disagrees. Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21 (2006) (internal quotation marks and citations omitted).

The record here amply supports the conclusion that the trial court's decisions regarding Weston's involvement as Jones' counsel fall within an appropriate exercise of discretion. Although the right to counsel is "fundamental," Gideon v. Wainwright, 372 U.S. 335, 342-43 (1963), the right to counsel of one's choosing is not absolute. See Wheat v. United States, 486 U.S. 153, 159 (1988). The "right is . . . limited by a countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis." Feigley, 16 Va. App. at 721 (internal quotation marks and citations omitted).

Here, the record demonstrates that the trial court more than sufficiently sought to accommodate Jones' desires regarding counsel. The trial court initially appointed the Office of the Public Defender to represent Jones, allowed Jones to substitute Hill for the Office of the Public Defender, appointed Padgett for Hill when that relationship soured, and then appointed Weston when Padgett advised the trial court that he needed to withdraw. The trial court observed that each of the attorneys that represented Jones in these matters "enjoy stellar reputations[,]" yet Jones developed issues with each of them. These issues seemed to come to the fore when a significant milestone in the proceedings, such as trial or sentencing, was reached. Viewing the record in its totality, the trial court reasonably could conclude that Jones' "problems" with counsel were a delaying tactic designed to gain some unknown advantage. Certainly, the trial

court reasonably could conclude from Jones' repeated behavior that, no matter who was representing him, problems would continue. Accordingly, the trial court did not abuse its discretion in refusing to allow Weston to withdraw from the case or in requiring Jones to proceed without a fifth attorney being involved.

In support of his argument, Jones asserts that the trial court was required to allow Weston to withdraw because Jones alleged that a conflict of interest existed between himself and Weston. Although Jones makes multiple vague allegations in this regard, he alleges one with specificity: he "threatened to file a 'Habeas Corpus' on" Weston. According to Jones, this put "Weston in a position to have a personal interest in the case and shift[ed his] focus from [Jones] to self-protection" regarding the threatened claim of ineffective assistance of counsel.[6]

A client's threat to assert that his trial counsel was ineffective does not, without more, give rise to a conflict of interest between the client and trial counsel. As the Supreme Court observed in Moore v. Hinkle, 259 Va. 479, 490 (2000), "an attorney's desire to protect himself against a later charge of ineffective assistance of counsel, standing alone, does not constitute a *per se* conflict of interest." The Supreme Court continued, noting that a disqualifying conflict was unlikely when counsel "was fully cognizant of the possibility that he might be subject to a charge of ineffective assistance of counsel . . . [and] was wholly forthcoming to both [the client] and the trial court in expressing his belief that he was not able adequately to represent" the client due to the conflict. Id.

Here, the trial court was well aware of the issues between Jones and Weston. In multiple hearings, the trial court gave both Jones and Weston the opportunity to set forth the nature of

---

[6] To the extent that Jones attempts to use this argument to raise a claim of ineffective assistance, we note that "[c]laims of ineffective assistance are not cognizable on direct appeal[.]" Vay v. Commonwealth, 67 Va. App. 236, 260 (2017). Accordingly, we do not address such a claim.

- 10 -

their disagreements and why they believed the attorney-client relationship was damaged to the point of requiring dissolution. Based on this record and considering the disturbing pattern of Jones developing the same or similar issues with each of his attorneys in these matters, we cannot say that the trial court abused its discretion in concluding that no disqualifying conflict existed or in requiring Jones to proceed. Accordingly, we affirm the judgment of the trial court.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>